An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LOGAN BERRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66225

**FILED**

OCT 19 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a no contest plea, of attempted robbery. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

Appellant's conviction stems from his attempted robbery of a store clerk at the Fox Peak Station in Fallon. He argues that the district court erred by overruling his objection that the State lacked jurisdiction over the offense because it was committed on Indian land at an Indian-owned business.

NRS 41.430(1) provides that the State of Nevada "assumes jurisdiction over public offenses committed by or against Indians in the areas of Indian country in Nevada." That provision does not apply, however, to any area of Indian country where the occupying Indian tribe has not consented to the State's jurisdiction over that area. NRS 41.430(4). Appellant argues that because the State has not provided an agreement between the tribe that owns Fox Peak Station and the State that allows Churchill County to retain jurisdiction, the United States has jurisdiction over the offense. Appellant's claim lacks merit for two reasons. First, NRS 41.430 is not at issue because neither appellant nor

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31748

the store clerk is Indian. We reject appellant's contention that the tribal members, as owners of Fox Peak Station, were victims of the attempted robbery. *See* NRS 200.380(1) (defining robbery, in pertinent part, as "the unlawful taking of personal property from the person of another, or in the presence, against his or her will, by means of force or violence . . ."); *see also* NRS 193.330(1) (defining attempt). Second, even assuming that NRS 41.430 applies, where the record shows that the offense occurred in Churchill County, appellant had the burden to show that the offense occurred on lands over which the United States has exclusive jurisdiction. *See Pendleton v. State*, 103 Nev. 95, 99, 734 P.2d 693, 695 (1987) ("The defendant has the burden of showing the applicability of negative exceptions in jurisdictional statutes."). Because appellant failed to demonstrate that the district court erred in this regard, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Thomas L. Stockard, District Judge
Wayne A. Pederson, P.C.
Attorney General/Carson City
Churchill County District Attorney/Fallon
Churchill County Clerk